# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Leovardo Perez, Sixto Perez, Edwin Monzon, Efrain Cucul, and Julio Cucul, on behalf of themselves and all other similarly situated persons, known and unknown, Plaintiffs, v. <br> Moishe's Mini Storage of Chicago, LLC, Defendant. | Case No. |

## COMPLAINT

NOW COME Leovardo Perez, Sixto Perez, Edwin Monzon, Efrain Cucul, and Julio Cucul, on behalf of themselves and all other similarly situated persons, known and unknown (collectively, "Plaintiffs"), through counsel and for their Complaint against Moishe's Mini Storage of Chicago, LLC (hereafter, "Defendant"), states:

## INTRODUCTION

1. This action seeks redress for Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), for Defendant's failure to pay Plaintiffs and other similarly situated employees overtime wages for hours worked in excess of forty (40) hours in a workweek.

2. Defendant's unlawful compensation practices have denied Plaintiffs and other similarly situated persons their earned and living wages.

3. Plaintiffs bring Count I of this Complaint as a Collective Action under the FLSA, 29 U.S.C. § 216(b). Plaintiffs' FLSA collective action consent form is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

4. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331, Federal Question, arising under 29 U.S.C. § 216(b). Supplemental jurisdiction over Plaintiffs' Illinois statutory

claims are invoked pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiffs' claims within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b), because upon information and belief, Defendants reside in this judicial district and the events giving rise to Plaintiffs' claims occurred within this judicial district.

## THE PARTIES

### Plaintiffs

6. Plaintiffs were employed by Defendant as general laborers performing construction, remodeling, and demolition work.

7. Plaintiffs worked for Defendant at 2233 Throop Street, Chicago, Illinois, which is in this judicial district.

8. Throughout the course of their employment, Plaintiffs were involved in interstate commerce and were "employees" as defined by the FLSA, 29 U.S.C. §201 *et seq.*, and the IMWL, 820 ILCS 105/1 *et seq*.

### Defendant

9. Defendant operate a business called Moishe's Mini, located at 2233 Throop Street, Chicago, Illinois.

10. Defendant Moishe's Mini is an Illinois corporation doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

11. Based on information and belief, Defendant Moishe's Mini Storage of Chicago, LLC has annual gross sales of $500,000.00 or more.

12. Defendant Moishe's Mini Storage of Chicago, LLC has had two (2) or more employees involved in interstate commerce.

13. Defendant Moishe's Mini Storage of Chicago, LLC was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3.

## FACTS

14. Plaintiff Leovardo Perez worked for Defendant from July 8, 2012 to October 11, 2016.

15. Plaintiff Sixto Perez worked for Defendant from November 28, 2013 to November 10, 2016.

16. Plaintiff Monzon worked for Defendant from April 4, 2012 to November 10, 2016.

17. Plaintiff Efrain Cucul worked for Defendant from May 28, 2016 to November 4, 2016.

18. Plaintiff Julio Cucul worked for Defendant from May 28, 2016 to November 4, 2016.

19. Plaintiffs regularly worked, at the direction of Defendant, in excess of forty (40) hours in a workweek.

20. Plaintiff Leovardo Perez regularly worked approximately up to 70.5 hours per week for Defendant.

21. Plaintiffs Sixto Perez and Monzon regularly worked approximately up to 54 hours per week for Defendant.

22. Plaintiffs Efrain Cucul and Julio Cucul regularly worked approximately up to 62 hours per week for Defendant.

23. Plaintiffs Leovardo Perez, Sixto Perez, Efrain Cucul, and Julio Cucul were paid $10.00 per hour for all hours worked, including all hours worked in excess of forty (40) hours in a workweek.

24. Plaintiffs regularly worked over forty (40) hours per week or more as directed by Defendant, but were not paid proper overtime wages for time worked in excess of forty (40) hours.

25. Plaintiff Monzon was paid $11.00 per hour for all hours worked, including all hours worked in excess of forty (40) hours in a workweek.

26. Plaintiffs Leovardo Perez, Sixto Perez, and Monzon were paid by check and cash.

27. Plaintiffs Efrain Cucul and Julio Cucul were paid by check.

28. Plaintiffs were not paid time and a half their regular hourly rate for all hours worked in excess of forty (40) hours in a workweek.

29. Defendant denied Plaintiffs and other similarly situated employees their earned wages.

30. Plaintiffs were not exempt from the overtime provisions of the FLSA or the IMWL.

## COUNT I: VIOLATION OF THE FLSA
### Overtime Wages

31. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

32. Plaintiffs and the members of the class were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

33. Defendants did not compensate Plaintiffs or members of the class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

34. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

35. Plaintiffs and other similarly situated employees are entitled to recover unpaid overtime wages for up to three years prior to the filing of this lawsuit because Defendant's failure to pay overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

WHEREFORE, Plaintiffs and the class respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA.

B. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs and other similarly situated employees in excess of forty (40) hours in individual work weeks;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare Defendant to be in violation of the FLSA;

E. Enjoin Defendant from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Honorable Court deems just and proper.

## COUNT II: VIOLATION OF THE IMWL
### Overtime Wages

36. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

37. This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

38. Defendants directed Plaintiffs to work, and Plaintiffs did work in excess of forty (40) hours in individual work weeks.

39. Other similarly situated employees were likewise directed to work, and did work, in excess of forty (40) hours in individual work weeks.

40. Plaintiffs and other similarly situated employees were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

41. Defendants did not pay Plaintiffs, and other similarly situated employees, overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

42. Defendants violated the IMWL by failing to pay Plaintiffs, and other similarly situated employees, overtime wages for all hours worked in individual work weeks.

43. Pursuant to 820 ILCS 105/12(a), Plaintiffs and other similarly situated employees are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiffs as provided by the IMWL;

B. Award Statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.


Respectfully submitted,


/s/Raisa Alicea
Raisa Alicea
Consumer Law Group, LLC
6232 N. Pulaski, Ste. 200
Chicago, IL 60646
(312) 800-1017
ralicea@yourclg.com