UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Leovardo Perez, Sixto Perez, Edwin Monzon, Efrain Cucul and Julio Cucul, Plaintiffs, v. Moishe's Mini Storage of Chicago, LLC, Defendant. | Case No. 1:17-cv-02225 Honorable Gary Feinerman |

**JOINT MOTION TO APPROVE SETTLEMENT
AND TO DISMISS CASE WITHOUT PREJUDICE**

Plaintiffs, Leovardo Perez, Sixto Perez, Edwin Monzon, Efrain Cucul, and Julio Cucul (collectively, "Plaintiffs") and Defendant, Moishe's Mini Storage of Chicago, LLC ("Defendant"), by and through their undersigned counsel, file this Joint Motion to Approve Settlement and to Dismiss Case Without Prejudice, with leave to reinstate within 45 days if necessary to enforce the Settlement Agreement and Release entered into by the parties. In support of this Motion, the parties state:

**I.  STATEMENT OF FACTS**

On or about March 22, 2017, Plaintiffs filed a class-action complaint seeking damages for alleged violations of the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"). (Compl. at ¶ 1). Plaintiffs alleged that they were employed as general laborers by Defendant and performed construction, remodeling and demolition work. While the dates of employment vary for each Plaintiff, and range from five months for two of the plaintiffs, to between three and four years for the other three plaintiffs, they claim to have worked for Defendant at various points in time between July 2012 and November 2016, and claim to have worked between 54 and 70 hours per week. (*Id.* at ¶¶ 14-22). Plaintiffs allege that they were not

compensated with overtime wages for the time they worked in excess of 40 hours per week. (*Id.* at ¶ 24).

Defendant denies Plaintiffs' allegations, but recognizing the time and expense associated with litigation, engaged in settlement negotiations with Plaintiffs soon after being served with the complaint. A settlement was reached, whereby Plaintiffs will release any and all claims regarding their compensation during their employment with Defendant, including their claims under the FLSA, the IMWL and claims for attorneys' fees and costs, in exchange for the payment of $70,000, divided between the individual Plaintiffs and their counsel. Distribution of the settlement monies will be as follows: $10,334.56 to Leovardo Perez; $10,460.83 to Sixto Perez; $10,838.95 to Edwin Monzon; $8,357.76 to Efrain Cucul; $1,721.40 to Julio Cucul; and a payment of $28,286.50 in attorneys' fees. The parties have prepared a written Settlement Agreement and General Release that memorializes the terms of their settlement. Upon approval of the Court, the parties will execute that Agreement.

In accordance with the applicable requirements for settling an FLSA claim, the parties hereby seek the Court's approval of the settlement they reached in this matter, and stipulate to the dismissal of this action.

**II.     ARGUMENT**

Pursuant to the FLSA, claims for back wages and other damages arising under the FLSA may be settled or compromised with the approval of a district court or the Secretary of Labor. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute. *Id.*

Public policy favors settlements of FLSA claims. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *see also Gavery v. Altheimer & Gray*, 1996 WL 521400, at *2 (N.D. Ill Sept. 11, 1996) (public policy "favors the peaceful and voluntary resolution of claims"). The parties here have agreed to settle all claims brought in this litigation through the execution of a Settlement Agreement and General Release ("Settlement Agreement"). While Defendant does not admit any liability or wrongdoing, it has agreed to resolve this suit to avoid the expense and uncertainty of litigation.

The parties acknowledge that a bona fide dispute exists with respect to whether Plaintiffs are entitled to any overtime pay and back wages. The parties engaged in a factual investigation into Plaintiffs' claims, with Plaintiffs submitting information supporting their alleged damages' calculation. Defendant disputes Plaintiffs' calculations, arguing Plaintiffs worked significantly fewer hours. Plaintiffs, for their part, asserted that they had sufficient information to calculate the monies allegedly owed to them and more than enough information to negotiate with Defendant.

The parties agree that the settlement is reasonable. The allocation of the settlement monies takes into account the tenure of each Plaintiff's employ with Defendant, as well as the hours claimed to have been worked by them. Moreover, the settlement payments represent a significant portion of the amounts claim to be owed by Defendant to Plaintiffs, not including liquidated damages. The settlement occurred early in the litigation, saving both parties the time and expense of protracted litigation; absent such settlement, Defendant may well have taken a more aggressive position on the amounts that were appropriate for settlement. Counsel for both Plaintiffs and Defendant engaged in an arm's length settlement negotiation that continued over a period of weeks until the parties were able to reach resolution. The settlement resolves only the claims of the

individual Plaintiffs, and does not affect any potential class members. All parties agree that the settlement terms represent a fair and equitable resolution of this matter.

Finally, the settlement provides for a reasonable award of attorneys' fees. The FLSA entitles a prevailing plaintiff to an award of fees and costs, and while the court has discretion in determining a reasonable fee, a fee award is mandatory. Here, while there is no prevailing party, the settlement nonetheless provides Plaintiffs with appropriate compensation for the professional advice from their lawyers, and Defendant agrees solely for purposes of this analysis that the award is reasonable. The Parties will submit a copy of the Settlement Agreement to the Court's proposed inbox for in camera review.

### III.  CONCLUSION

For the reasons set forth above, the parties stipulate to the dismissal of this action, and respectfully request that the Court enter an order: (i) approving the terms of the settlement of all of Plaintiffs' claims and dismissing this action without prejudice, with leave to reinstate within 45 days, if necessary, to enforce the Settlement Agreement and Release entered into by the parties.

Respectfully submitted on August 8, 2017

*/s/ Valentin T. Narvaez*
Valentin T. Narvaez
Raisa Alicea
Consumer Law Group, LLC
6332 N. Pulaski Rd., Suite 200
Chicago, IL 60646
(312) 878-1302
(888) 270-8983 (fax)
vnarvaez@yourclg.com
ralicea@yourclg.com

*Counsel for Plaintiffs Leovardo Perez, Sixto Perez, Edwin Monzon, Efrain Cucul, and Julio Cucul*

*/s/ Catherine A. Miller*
Catherine A. Miller
Jeffrey J. Mayer
Akerman LLP
71 South Wacker Drive, Suite 4600
Chicago, IL 60606
(312) 634-5700
(312) 424-1900 (fax)
catherine.miller@akerman.com
jeffrey.mayer@akerman.com

*Counsel for Defendant Moishes Mini Storage of Chicago*